Richard and Deloris **BOWLES** et al., Plaintiffs-Appellees,

v.

**BLUE LAKE DEVELOPMENT CORPORATION**, Blue Lake Mobile Home Ranch, Inc., and Rapee Realty Company, Inc., Defendants-Appellants.

No. 71–2077.

United States Court of Appeals, Fifth Circuit.

Nov. 22, 1974.

Paul E. Gifford, Miami, Fla., for defendants-appellants.

Neil Chonin, Alfred Feinberg, Legal Service of Greater Miami, Miami, Fla., for plaintiffs-appellees.

Before TUTTLE, THORNBERRY and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal was taken from a final judgment and permanent injunction issued by the district court, enjoining appellants from bringing state court actions for eviction against the plaintiffs-appellees, seventeen tenants of appellants' trailer park. The complaint alleged that all of the plaintiffs had received Notices to Quit [1] their rented lots sent out by appellants's agents. The complaint alleged further that appellants operated their mobile home park in violation of various county and state zoning, health and safety codes, and that appellees had complained of conditions and violations in the trailer park to various governmental agencies, and additionally that many or all the appellees had picketed the mobile home park, exhibiting signs setting forth their grievances.

Temporary and permanent injunctions were granted because of a showing satisfactory to the trial judge that the threatened evictions were undertaken in retaliation for the conduct of the plaintiffs-appellees in exercising their First and Fourteenth Amendment rights. This appeal, taken April 19, 1971, followed entry of the Final Judgment and denial of motions for new trial and for amendment of the Final Judgment.

The principal and related issues on the appeal were whether proof of retaliation is a valid defense to eviction proceedings in Florida courts, and whether a federal court has jurisdiction to enjoin prospective state court eviction proceedings under the teachings of the Younger v. Harris sextet of decisions [2] of the Supreme Court.

Some time after oral argument of the appeal before another panel of this court in March 1972, the Supreme Court granted its writ of certiorari to review this court's decision in Becker v. Thompson,[3] 459 F.2d 919, wherein we undertook to interpret and apply the Younger v. Harris decision. The grant of the writ prompted the original panel to notify counsel that decision of this appeal would be withheld pending the Supreme Court's action in Steffel v. Thompson. That decision, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505, reversed and remanded our decision in Becker v. Thompson.

Thereafter this appeal was recalendared for oral argument and argued upon supplemental briefs before this panel. We learn from the supplemental briefs of the parties that while these proceedings were thus held in abeyance, the Florida Legislature passed legislation which had the effect, in our judgment, of mooting the issues on this appeal.

---

1. The prerequisite, under Florida law F.S. § 83.03, to actions for eviction of month to month tenants. F.S. § 83.241 provides mobile home tenants an additional 30 days after filing of suit before they may be removed.

2. Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669; Samuels v. Mackell and Fernandez v. Mackell, 1971, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688; Boyle v. Landry, 1971, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696; Dyson v. Stein, 1971, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781; Byrne v. Karalexis, 1971, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792.

3. Becker v. Thompson, N.D.Ga.1971, 334 F. Supp. 1386, aff'd 5 Cir. 1972, 459 F.2d 919, rehearing and rehearing en banc denied, 5 Cir. 1972, 463 F.2d 1338, reversed sub nom. Steffel v. Thompson, 1974, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505.

In 1973, the Florida Legislature enacted Secs. 83.69 [4] and 83.60 [5] of the Florida Statutes.

Sec. 83.69 severely limits the grounds upon which the owner of a mobile home park may evict tenants. Had this section been in effect when the injunction was issued by the trial court in 1971, the injunction would have been unnecessary. The appellant landlords could not have proceeded to evict the tenant appellees in the absence of a violation of an ordinance or rule of the park or for non-payment of rent. Retaliatory eviction because of the tenants informing governmental agencies as to deficiencies

---

4. F.S. 83.69. Mobile home parks; eviction, grounds, proceedings.—

(1) A mobile home park owner or operator may not evict a mobile home . . . dweller other than for the following reasons:

(a) Nonpayment of rent.

(b) Conviction of a violation of some federal or state law or local ordinance, which (violation) may be deemed detrimental to the health, safety, [or] welfare of other dwellers in the mobile home park.

(c) Violation of any reasonable rule or regulation established by the park owner or operator, provided the mobile home owner received written notice of the grounds upon which he is to be evicted at least thirty days prior to the date he is required to vacate. A copy of all rules and regulations shall be delivered by the park owner or operator to the mobile home owner prior to his signing the lease or entering into a rental agreement. A copy of the rules and regulations shall also be posted in the recreation hall, if any, or some other conspicuous place in the park. A mobile home park rule or regulation shall be presumed to be reasonable if it is similar to rules and regulations customarily established in other mobile home parks located in this state or if the rule or regulation is not immoderate or excessive.

(d) Change in use of land comprising the mobile home park or a portion thereof on which a mobile home to be evicted is located from mobile home lot rentals to some other use, provided all tenants affected are given at least ninety (90) days' notice, or longer if provided for in a valid lease, of the projected change of use and of their need to secure other accommodations.

(2) Cumulative eviction proceedings may be established in a written lease agreement between the park owner or operator and a mobile home dweller in addition to those established by law.

(3) This section shall not preclude summary eviction proceedings, and if the park operator or owner does not have one of the above grounds available, the park tenant may raise the same by affirmative defense.

The constitutionality of Sec. 83.69 has been recently upheld by the Florida Supreme Court. See Stewart v. Green, S.Ct.Fla.1974, 300 So.2d 889 [decided July 10, 1974] Addendum at 16a; and Palm Beach Mobile Homes, Inc. v. Strong, S.Ct.Fla.1974, 300 So.2d 881 [decided July 10, 1974], Addendum at 4a.

5. F.S. 83.60. Remedies; defenses to action for rent or possession; procedure.

(1) In an action by the landlord for possession of a dwelling unit based upon nonpayment of rent or in an action by the landlord under § 83.55 seeking to recover unpaid rent, the tenant may defend upon the ground of a material noncompliance with § 83.51(1) (F.S.1973), or may raise any other defense, whether legal or equitable, that he may have. The defense of a material noncompliance with § 83.51(1) (F.S.1973) may only be raised by the tenant if seven days have elapsed after the delivery of written notice by the tenant to the landlord as prescribed in § 83.56(4) (F.S.1973), specifying the noncompliance and indicating the intention of the tenant not to pay rent by reason thereof. A material noncompliance with § 83.51(1) (F.S.1973) by the landlord is a complete defense to an action for possession based upon nonpayment of rent, and upon hearing, the court or the jury, as the case may be, shall determine the amount, if any, by which the rent is to be reduced to reflect the diminution in value of the dwelling unit during the period of noncompliance with § 83.51(1) (F.S.1973). After consideration of all other relevant issues, the court shall enter appropriate judgment.

(2) In an action by the landlord for possession of a dwelling unit based upon nonpayment of rent, if the tenant interposes any defense other than payment, the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent which accrues during the pendency of the proceeding, when due. Failure of the tenant to pay the rent into the registry of the court as provided herein constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default.

in the trailer park could not have taken place.

 F.S. 83.60 clarifies the Florida law by providing that in an action for possession of premises, the tenant "may raise any other defense, whether legal or equitable, that he may have." This determines the issue raised in the original briefs as to whether or not a defense of retaliatory eviction may be raised in a Florida summary possession suit. Clearly, it may.

Additionally, during its 1974 session, the Florida Legislature also adopted F.S. 83.695,[6] which provides that no tenancy may be enforceable or terminated by a landlord of a mobile home park unless prior to the occupancy the tenant has been offered a bona fide lease. Absent such a written lease, tenancy may be terminated only in accordance with F.S. 83.69 [Note 4; supra] for non-payment of rent or violation of ordinances or park regulations.

F.S. 83.695(3) limits enforceable regulations to those reasonable under the circumstances, giving additional protection to the tenant by making reasonableness of regulations a fact issue triable before the court or jury trying the possessory action.

 Finally the parties agree that retaliatory eviction is now a criminal offense under Florida law. It is declared to be an unfair or deceptive practice under the Florida Deceptive and Unfair Trade Practices Act, effective October 1, 1973, F.S. Sec. 501.201 et seq. Sec. 501.204 makes unfair trade practices unlawful. Rule 2–11.07, Rules of the Florida Department of Legal Affairs [authorized under Sec. 501.205(1)] declares retaliatory eviction to be an unfair trade practice. The threat of criminal sanction is an added and effective deterrent to these appellants or any other landlords' engaging in such practices in the future.

6. F.S. 83.695.

(1) No tenancy, except one of transient occupancy, of any person owning a mobile home who hereafter rents, leases or occupies real property in a mobile home park for a valuable consideration shall be enforceable or be terminated by the landlord unless, prior to occupancy, the tenant has been offered a written lease as herein provided. In the event a tenant does not enter into a written lease or upon the expiration of a written lease the tenancy may only be terminated in accordance with the provisions of section 83.69, which section is cumulative of all other sections in this part and shall be deemed to supercede any provisions in conflict therewith.

(2) No such tenancy existing upon the effective date of this act may thereafter be terminated unless the tenant has been offered a written lease and has, after the expiration of sixty (60) days from the time of delivery to him, refused or failed, without cause, to execute same. The leases so offered by any landlord must be bona fide offers to lease for a specified term upon the same terms and conditions as leases offered to all other tenants in the park, excepting only rent variations based upon lot location and size.

(3) Only such park rules or regulations as are reasonable under the circumstances and are specifically incorporated by refer-

ence in the written leases, shall be enforceable. The lease shall contain a provision that sections 83.68, 83.69, 83.70, 83.71, 83.72 and 83.73, Florida Statutes, govern mobile home park tenancies. The lease shall contain the amount of the rent, any security deposit, installation charges, fees, assessments, and any other financial obligations of the tenant. This provision, however, shall not be construed to prevent any mobile home park owner from passing on to the mobile home park tenant any costs which are incurred due to the actions of any state or local government.

(4) No agency of any municipal, local or county government shall approve any application for rezoning or take any official action which would result in the removal or relocation of mobile home park tenants without first investigating as to the adequacy of mobile home parks or other suitable facilities for the relocation of tenants.

(5) This act shall not apply in those instances where rental space is offered for occupancy by recreational vehicle-type units primarily designed as temporary living quarters for recreational, camping, or travel use, which either have their own motive power or are mounted on or drawn by another vehicle.

(6) No provision of this section shall apply to a mobile home park which contains ten (10) or less mobile home lots.

We do not reach the merits of this appeal. The district court's injunctive decree, regardless of the grounds existing for its issuance in 1971, is no longer warranted. The three original plaintiffs-appellees the parties advise remain as tenants (of an original number of seventeen tenants) of the mobile home park operated by appellants do not need the protection of the decree. Appellants should no longer be stigmatized by the existence of the injunction.

Accordingly this appeal is dismissed as moot, with directions to the district court to vacate its Permanent Injunction and Final Decree, and dismiss the complaint. The costs of this appeal shall be taxed to the appellants.

Dismissed as moot and remanded with directions.