PER CURIAM.
Appellant sued appellees seeking (a) a declaration that appellees’ termination of her tenancy and threatened eviction were retaliatory and otherwise unlawful, and (b) an injunction prohibiting appellees from evicting her from her apartment without showing good cause therefor. Thereafter appellees sued appellant in the county court to evict her from the premises in question. The two cases were consolidated and tried in the circuit court resulting in a judgment finding that: (a) appellees’ attempted eviction was retaliate-. ry conduct and as such it violated Chapter 501, F.S.1975, and Rule 2-11.07, Rules of The Department of Legal Affairs; (b) the retaliatory conduct constituted a complete defense to the complaint for removal of tenant; (c) the efforts to evict appellant were permanently enjoined and said action was dismissed; (d) appellees were enjoined from instituting any possessory action regarding appellant’s tenancy until after December 31, 1974. Several days later the trial court amended its final order and held that the eviction suit was not dismissed but could not be prosecuted until December 31, 1974.
Appellant complains that she was not afforded full relief; that she should have been granted a permanent injunction against appellees’ commencing an eviction suit against appellant without requiring ap-pellees to show their retaliatory motive was dissipated; and that the court should have dismissed the eviction suit. No cross appeal has been filed by appellees.
*139 Since the trial court found appellees’ retaliatory conduct was a complete bar to the appellees’ suit for eviction, that suit should have been dismissed. Oddly enough, in the original judgment the court did dismiss that suit. However, the amended judgment simply enjoined its prosecution for two weeks.
We see no need at this late date to treat the injunction question.
Accordingly, the amended final order dated December 16, 1974, allowing the maintenance of case # 74-222-CAR-07 is reversed, and upon remand the trial court is instructed to dismiss said case.
CROSS, MAGER and DOWNEY, JJ., concur.