QUESTIONS: 1. Is the regulation of the "resale industry" properly within the jurisdiction of the Division of Land Sales under Ch. 478, F. S.? 2. Is the regulation of the "resale industry" properly within the jurisdiction of the Florida Real Estate Commission under Ch. 475, F. S.? 3. Is the regulation of the "resale industry" properly within the jurisdiction of the enforcing authority under Part II, Ch. 501, F. S.?
SUMMARY: The division has jurisdiction to regulate the resale industry as to sales and offers to dispose of subdivided land. The commission has jurisdiction to regulate those individuals participating in the resale industry for violations of Ch. 475, F. S., and the enforcing authority has jurisdiction to prevent unfair and deceptive trade practices that occur in the resale industry. These questions will be answered in accord with the factual situation taken from your correspondence. Certain business entities (realtors) are specializing in the "resale of Florida land." The realtor contacts owners of Florida land who wish to sell that land. The realtor requires the person wishing to sell his land to pay an initial fee in return for the realtor's promise to list the land for sale. The landowner is unable to verify what efforts are being performed by the realtor to sell the land, and that very frequently little is actually done by the realtor to attempt to sell the land. AS TO QUESTION 1: The Division of Florida Land Sales (division) has jurisdiction over offers to dispose of "subdivided lands" located within the state. Section 478.27(1), F. S. The term "subdivided land" is defined to mean . . . any land which is divided or is proposed to be divided for the purpose of disposition into 50 or more lots, parcels, units or interests and also includes any land, whether contiguous or not, if 50 or more lots, parcels, units or interests are offered as part of a common promotional plan of advertising and sale. [Section 478.021(2)(f), F. S.] Thus, the division has regulatory authority over any offers to dispose of any subdivided land, as defined, within the state. Section 478.27(1). The division also has authority to regulate the disposition of subdivided land if the offer to dispose thereof originates within the state. Section 478.27(3), F. S. The Florida Legislature expressly declared Ch. 478, F. S., to be both a remedial and a penal statute with the remedial portions thereof being liberally construed to effectuate that purpose. Section 478.021(1). To implement the remedial components of Ch. 478, the Legislature granted the division certain powers and duties contained in ss. 478.041, 478.151, 478.161, and 478.171. Specifically, the division has the power to issue a cease and desist order upon the determination, in accord with Ch. 120, F. S., that a person has directly, or through an agent or employee, knowingly engaged in any false, deceptive, or misleading advertising, promotional, or sales methods to offer or dispose of an interest in subdivided lands. Section 478.171(1)(b), F. S. The division may also issue a temporary cease and desist order without notice of hearing upon a finding of fact, in writing, that the public interest will be irreparably harmed by the delay in issuing an order pursuant to s. 478.171(1)(b) and (2), F. S. The Florida Legislature has expressly stated that false, deceptive, or misleading advertising, promotional, or sales methods used to offer or dispose of an interest in subdivided lands are within the jurisdiction of the division. Section 478.171(1)(b). The division may seek judicial relief with or without prior administrative remedies. The division has the power to seek judicial relief in the circuit court to enjoin acts or practices if it appears that a person has engaged or is about to engage in any act or practice which constitutes a violation of any provision of Ch. 478, F. S., or a rule promulgated thereunder. Section 478.041(3). Therefore, the division could proceed, on the grounds set forth in s. 478.171, in circuit court. Section 478.221, F. S., sets forth specific exemptions from Ch. 478, F. S., which do not include the scheme described in your letter. The basic rule of statutory construction that where the express mention of one thing is the exclusion of another is applicable here. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); State ex rel. Shevin v. Indico Corp., 319 So.2d 173 (1 D.C.A. Fla., 1975); Marshall v. Hollywood Inc., 224 So.2d 743, 750 (4 D.C.A. Fla., 1969). The factual situation set forth above and the individuals participating therein do not appear to be within the parameters of s. 478.221 and therefore are not exempt from regulation by the division. The division has jurisdiction over the person selling and the sale or offer to dispose of subdivided land. Section 478.27(1), F. S. The activity described in your letter constitutes an offer to dispose of subdivided lands. The division also has the judicial and administrative jurisdiction to act against any person who, in the sale of subdivided land, violates any part of Ch. 478, F. S., or rules promulgated thereunder, which would include the facts presented in your letter. Therefore, the division appears to have sufficient authority to determine whether or not the acts of any realtor have violated or will violate Ch. 478. This opinion is limited to the factual situation set forth in your letter. There are particular factual situations which could remove the sale of subdivided land from the jurisdiction of the division, none of which appear to be applicable here. AS TO QUESTION 2: The Florida Real Estate Commission (commission) is created by Ch. 475, F. S., and has the statutory authority to grant, deny, revoke, or suspend any registration held by a registrant of the commission. Section475.25. The commission, an administrative board created by the Legislature, has no common-law power and is thereby limited to the powers expressed in the statute that creates it. State ex rel. Greenberg v. Florida State Board of Dentistry, 277 So.2d 628 (1 D.C.A. Fla., 1974). Under Ch. 475, the commission's authority is premised upon a person's actions pertaining to or affecting the sale, exchange, purchase, lease, or assignment of real property or an interest therein. Section 475.01(11). The activities the commission is granted authority to regulate are, in pertinent part, contained in s. 475.01(2), F. S.: Every person who shall, in this state . . . for a compensation or valuable consideration directly or indirectly paid or promised, . . . negotiate the sale, exchange, purchase or rental of any real property, or any interest in or concerning the same . . . or who shall advertise or hold out to the public by any oral or printed solicitation or representation that such person is engaged in the business of . . . buying, selling, exchanging, leasing or renting real estate, or interests therein, . . . and every person who shall take any part in the procuring of sellers, purchasers, lessors or lessees of the real property, or interests therein . . . and all persons who are members of partnerships of officers or directors of corporations engaged in performing any of the aforesaid acts or services; each and every such person shall be deemed and held to be a "real estate broker" or a "real estate salesman" . . . . The commission has jurisdiction to regulate the activities expressed in Ch. 475, F. S., and the rules promulgated thereunder unless an express exemption is set forth within the statute. No express exemption appears to apply to the facts contained in your letter. Applying the foregoing statutory section, the factual situation you have described indicates a realtor who, for compensation actually paid in advance, promises to negotiate a sale of real estate, holds himself out to the public as being in the business of selling real estate, and takes part in the procuring of sellers and buyers of real estate. Therefore, it appears that the realtor, in your factual situation, whether licensed or not, falls within the jurisdiction of the commission. The basis for an administrative agency to suspend or revoke a license must be found in the specific grounds enumerated in the statute. In re Weathers,31 So.2d 543 (Fla. 1947); State ex rel. Volusia Jai Alai, Inc. v. Board of Business Regulation, 304 So.2d 473 (1 D.C.A. Fla., 1974). The grounds for suspension of any registration are set forth in s.475.25(1)(a)-(i), F. S. The grounds for revocation are set forth in s. 475.25(2) and (3), F. S. A registration may be suspended for a period not exceeding 2 years upon a finding of facts showing that the registrant has "violated a duty imposed upon him by law or by the terms of a listing contract, written, oral, express or implied, in a real estate transaction." Section 475.25(1)(a), F. S. The registration of a registrant may be revoked if the registrant shall: . . . for a second time be found guilty of any misconduct that warrants his suspension under subsection (1) of this section, or if he shall be found guilty of a course of conduct or practices which show that he is so incompetent, negligent, dishonest or untruthful that the money, property, transactions and rights of investors or those with whom he may sustain a confidential relation, may not safely be entrusted to him. [Section 475.25(3), F. S.] The factual situation that you have set forth involves the solicitation by a realtor attempting to procure a listing so that he may procure a purchaser under a listing contract. In your factual situation you indicate that the realtor, in so procuring the listing, may be dishonest or untruthful with the seller of real property. Apparently the realtor, after accepting the advance fee, does little if anything to actually procure a buyer. That situation appears to be within the jurisdiction of the commission and the acts performed appear to be specifically proscribed by s. 475.25(1) and (3), F. S. I have assumed that the realtor in your factual situation is properly registered with the commission. Assuming that the realtor is not so registered, a violation of ss. 475.13 and 475.25(1)(d), F. S., is apparent and within the jurisdiction of the commission. If the person is unregistered, the commission may properly seek relief in a circuit court of competent jurisdiction. Section 475.39(1), F. S. Therefore, based on the above authority and factual situation, your question is answered in the affirmative. AS TO QUESTION 3: The Department of Legal Affairs and the individual state attorneys are designated as the enforcing authorities for violations of Part II, Ch. 501, F. S., (the act). Sections 501.203(4) and 501.207. The Legislature, in s. 501.204, declared what shall be an unlawful activity or practice: (1) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. (2) It is the intent of the Legislature that in construing subsection (1) of this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. § 45(a)(1)), as from time to time amended. The Legislature expressly made remedies available under the act to be in addition to those otherwise available for the same conduct under state or local law. Section501.213. The intent of the Legislature was expressed in s.501.204(1), F. S., that due consideration and great weight shall be given to the interpretations of the Federal Trade Commission (F.T.C.) and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1). Therefore, a review of the Federal Trade Commission complaints and orders which are reported in Federal Trade Commission decisions is appropriate to determine whether or not the F.T.C. has determined that business activities related to real property transactions are within its jurisdiction and therefore within the jurisdiction of the enforcing authorities. A review of those complaints and orders demonstrates the commission's determination that business practices related to the sale of real property fall within the purview of the Federal Trade Commission Act. Arizona Valley Dev. Co. Inc. et al., 56 F.T.C. 708 (1960); Nicholson Associates, Inc., 56 F.T.C. 155 (1959); Tom Vint, d/b/a/ Nat'l Business Service, 56 F.T.C. 606 (1959); Affiliated Brokers, Inc., et al., 54 F.T.C. 97 (1957). In addition to the interpretations of the Federal Trade Commission, the Fifth Circuit Court of Appeals stated that a retaliatory eviction of tenants from a mobile home park is declared to be an unfair and deceptive trade practice under the act and Rule 2-11.07. Bowles v. Blue Lake Dev. Corp.,504 F.2d 1094 (5th Cir. 1974). In Kendig v. Kendall Construction Co., 294 So.2d 709 (4 D.C.A. Fla., 1974), further reviewed at317 So.2d 138 (4 D.C.A. Fla., 1975), the Fourth District Court of Appeal held that the act was applicable to a tenant eviction and lease of real property. See also Commonwealth v. Monumental Properties, Inc., 329 A.2d 812, 819 (Pa. 1974), where the Pennsylvania Supreme Court applied its Unfair and Deceptive Trade Practices Act to the leasing of real property. Section 501.208, F. S., grants to the enforcing authority the power to seek a cease and desist order whenever the enforcing authority has reason to believe that a person has been or is violating the act. Pursuant to this power the enforcing authority may act against any person who violates any provision of the act. Following the legislative intent expressed in s. 501.204(2), F. S., we find that the F.T.C. has held that business activities relating to the sale of real property are under their jurisdiction. Both the Fifth Circuit Court of Appeals and the Fourth District Court of Appeal have held that the act and rules promulgated thereunder are applicable to the leasing of real property. Since no expressed exemption is set forth in s. 501.212(1)-(5), F. S., for either real estate transactions in general or the specific transaction you have set forth in your factual situation, and none of the individuals in your factual situation are exempt, it would appear that the act applies to the above factual situation. Therefore, based on the above authority, your third question is answered in the affirmative. My response reflects the position I have taken in State ex rel. Herring v. Murdock, Case No. 75-1270 (4 D.C.A. Fla., 1975). This response is, of course, subject to that judicial determination and to any which the Florida Supreme Court may render.