Rita JOHNSON et al.,
Plaintiffs-Appellees,

v.

The STATE of Mississippi et al.,
Defendants-Appellants.

No. 78–2368
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1978.

Rehearing Denied Jan. 18, 1979.

Hubbard T. Saunders, IV, Sp. Asst. Atty. Gen., A. F. Summer, Atty. Gen., Jackson, Miss., for defendants-appellants.

Wynn & Bogen, Eugene M. Bogen, Greenville, Miss., for plaintiffs-appellees.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

Mississippi Code § 37–41–3 provided that students living one mile or more from their attendance centers were entitled to state financed transportation, with the exception that students residing within the corporate limits of a municipality and attending school within those corporate limits were not entitled to free transportation regardless of the distance from the school.

Upon a challenge filed on behalf of students residing within corporate limits, the District Court held that the statutory distinction between students residing within

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

and without corporate limits was an unconstitutional denial of the equal protection of the laws, both on its face and as applied. The enforcement of the statute was permanently enjoined.

After this appeal was filed, the Mississippi Legislature responded to the decision of the District Court by amending the statute so as to provide free transportation for *all students* living one mile or more from their attendance center. This legislative action eliminated the unconstitutionality denounced by the District Court.

This being so, we are no longer presented with a live case or controversy. We adhere to the rule that the enactment of a superseding statute which satisfies all the principles sought in an attack on the prior statute simply moots the case. See *Kremens v. Bartley*, 431 U.S. 119, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977).

See, also, *Bowles v. Blue Lake Development Corporation*, 5 Cir., 1974, 504 F.2d 1094, 1098.

The District Court reserved its judgment on the issue of attorneys' fees, a matter it is amply able to hear and decide in keeping with the applicable jurisprudence.

We therefore remand the case to the District Court with directions to dismiss the complaint as moot after an appropriate adjudication as to the reserved issue of attorneys' fees.

IT IS SO ORDERED.