## CITY MANAGEMENT v. ZAYAS, et al.

Case No. 81-363-AP

Eleventh Judicial Circuit, Appellate Division, Dade County

May 3, 1982

James F. Comander, for appellant.

No appearance for appellees.

Before KOGAN, GOLDMAN and SCOTT, J.

PER CURIAM.

Notwithstanding the well intended motive of the trial judge[1], it is beyond peradventure that he erred in entering his amended final judgment, which for all intent and purpose, created a new lease agreement between the parties. Cf. *City of Miami Beach v. Frankel*, 363 So.2d 555 (Fla. 1978). However, our review of the evidence reveals overwhelmingly that the action by the landlord was in retaliation for the tenants' efforts to form an association and complain of defects to local regulatory agencies. *Kendig v. Kendall Construction Co.*, 317 So.2d 138 (Fla. 4th DCA 1975). Therefore, the lower court judgment is reversed. It is ordered that (1) the initial complaint brought by the landlord is dismissed because the defense of retaliation has been proved; (2) the lower court's dismissal of the counterclaim is affirmed, F.S. Section 501.011; and *Kendig v. Kendall Construction Co.*, supra (As noted above, retaliation is a defense and not a basis for a counterclaim); (3) all other aspects of the lower court's judgment are reversed with, under the unusual aspects of this case, each party to bear their own costs. IT IS SO ORDERED.

---

[1]The time-honored observations of Mr. Justice Cardozo, made over sixty years ago, seem appropriate in this instance: The judge, even when he is free, is still not wholly free. He is not to innovate at pleasure. He is not a knight-errant, roaming at will in pursuit of his own ideal of beauty or goodness. He is to draw his inspiration from consecrated principles. He is not to yield to spasmodic sentiment, to vague and unregulated benevolence." Benjamin Cardozo, the Nature of the Judicial Process, Yale University Press (1921).