### DEVECHT v. HAWKINS
Case No. 82-452-CC-24
County Court, Dade County
August 5, 1983

Charlene Miller Carres, Carres & Gamble, for defendant.

Gary Pollack, Persse and Pollack, Ronald S. Lieberman, for plaintiff.

JOAN STEMBER, County Judge.

THIS CAUSE having come before the Court for hearing on July 18, 1983, pursuant to both parties' motions to release and disburse the appeal bond currently posted with the Court and the Appellate Court having issued its decision on June 21, 1983, and mandate on July 5, 1983, in Defendant's favor, and the Court having heard arguments of counsel, it is hereby

ORDERED AND ADJUDGED that:

1) As the minimum amount stipulated by the parties to be due to Plaintiffs from the appeal bond posted herein, Plaintiffs, NORMAN and GAYLE DEVECHT, shall be issued a check by the Clerk in the amount of $1,104.00 to represent three months' rent due at $350.00 per month plus $54.00 as a final payment for pro rating of a past rent increase properly noticed and agreed to by the parties.

2) The balance of the funds remaining in the Court Registry as an appeal bond or $5,476.00 be released by the Clerk by check to Defendant, ANITA HAWKINS.

3) Costs, if any, of said disbursement are to be split evenly by the Clerk between Plaintiffs and Defendant.

4) Plaintiffs are not entitled to a reimbursement from the bond posted for rental in an increased amount of $500.00 per month as allegedly noticed by letter dated March 19, 1983, for the following reasons:

At the time Plaintiffs sent notice of an intended rental increase of over 40%, Defendant was prosecuting her appeal of a Final Judgment of Eviction. Based on case law and Florida Statutes, the Court finds this attempted increase to be retaliatory in nature and therefore, invalid. Section 501.201 *et seq., Florida Statutes.* Rule 2-11.07, *Florida Administrative Code; Edwards v. Habib.* 397 F.2d 687 (D.C. Cir. 1968) *cert. denied,*_____1016 (1969), *Robinson v. Diamond Housing Corp.,* 463 F.2d 853 (D.C. Cir. 1972), *Kendig v. Kendall Construction Co.,* 317 So.2d 138 (Fla. 4th DCA 1975), *Bowles v. Blue Lake Development Corp.,* 504 F.2d 1094 (5th Cir. 1974).