Mary Jones was the named beneficiary on an industrial burial insurance policy issued by Southern United Life Insurance Company to Willie J. Drain. The policy provided for a cash benefit of $275.00 payable upon receipt of proof of death. Willie Drain died on April 25, 1979. A death certificate was issued by the Mobile County Health Department *Page 823 
on May 17 and received by defendant's office on May 23. On June 26, defendant insurance company paid the $275.00 benefit to Ms. Jones.
Jones filed suit on July 11, seeking interest due from the date of proof of loss to the date of actual payment and certification as a class action. Various motions were then filed by both parties, including a Rule 12 (b)(6) motion to dismiss by the defendant. On September 28, after reviewing Jones's contentions, and determining that the interest sought by plaintiff was in fact due her under Thomas v. LibertyNational Life Ins. Co., 368 So.2d 254 (Ala. 1979), Southern tendered payment of interest from the date of death to the date of payment of the benefit. And, on the same day, Southern filed a motion for summary judgment supported by affidavit of its Mobile District Manager and exhibit (death certificate). Subsequently, if filed a motion to deny class status. On November 26, after hearing arguments and reviewing briefs, the trial court granted Southern's motion for summary judgment on Jones's individual claim and dismissed the remaining portions of the action. We reverse and remand.
The issue before this Court is whether Mary Jones, whose claim is rendered moot through satisfaction, prior to certifying the class, may be permitted to have the class certified, and proceed to represent that class, even though she no longer has a real interest in the right to be protected.
First, Southern cannot bypass the class action by tendering payment of interest on the claim to Mary Jones, the class representative. Mr. Chief Justice Burger in Deposit GuarantyNational Bank, Jackson, Mississippi v. Roper, 445 U.S. 326,100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), wrote:
 Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement. It would be in the interests of a class-action defendant to forestall any appeal of denial of class certification if that could be accomplished by tendering the individual damages claimed by the named plaintiffs.
And, in Roper v. Consurne, Inc., 578 F.2d 1106 (5th Cir. 1978), the Court stated: "By the very act of filing a class action, the class representatives assume responsibilities to members of the class. They may not terminate their duties by taking satisfaction; a cease-fire may not be pressed upon them by paying their claims. The Court itself has special responsibilities to ensure that the dismissal does not prejudice putative members."
Thus, the tender of payment to Mary Jones did not prevent class certification. See Kahan v. Rosenstiel, 424 F.2d 161 (3rd Cir. 1970).
Next, Southern contends that Mary Jones lacks "nexus" with the alleged class because her individual claim has been paid; that she no longer has a personal cause of action, and thus, she cannot represent the class. We do not agree. Notwithstanding the mootness of the suit as to Mary Jones, it is not moot as to other members of the class, and she can continue to litigate the issues as a representative of the class. See Jenkins v. United Gas Corporation, 400 F.2d 28 (5th Cir. 1968), Cypress v. Newport News Gen. and Nonsect. HospitalAss'n, 375 F.2d 648 (4th Cir. 1967), Gatling v. Butler,52 F.R.D. 389 (D.Conn. 1971). Mary Jones was a proper representative of the class when the suit was filed, and she was not ousted as a representative of the class when her individual claim was mooted by payment of her claim and tender of the amount of interest due her by Southern. See Roper.
The trial court is reversed, and the cause remanded so that the trial judge can enter the appropriate orders after a class action hearing on (1) whether to permit Mary Jones to proceed as the class representative, and (2) whether to certify the class.
REVERSED AND REMANDED. *Page 824 
JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX, J., concurs specially.
TORBERT, C.J., dissents.