**Renita LOVE, on behalf of herself and others similarly situated, Plaintiff-Appellant,**

v.

**Ralph D. TURLINGTON, as Commissioner of Education; Florida State Board of Education, Governor Robert Graham, Etc., Et Al., Defendants-Appellees.**

No. 82–3142.

United States Court of Appeals, Eleventh Circuit.

June 11, 1984.

---

Stephen F. Hanlon, Robert Shapiro, Tampa, Fla., Diana Pullin, Robert Pressman, Center for Law & Educ., Cambridge, Mass., Stephen Cotton, Center for Law & Education, Inc., Cambridge, Mass., for plaintiff-appellant.

Judith A. Brechner, Deputy Gen. Counsel, Tallahassee, Fla., for State Bd. of Educ.

B. Edwin Johnson, Clearwater, Fla., for School Bd. of Pinellas County.

Before GODBOLD, Chief Judge, RONEY and KRAVITCH, Circuit Judges.

RONEY, Circuit Judge:

Plaintiff Renita Love appeals the district court's denial of class certification in this action challenging the constitutionality of the SSAT–I (State Student Assessment Test), a basic skills test administered to eleventh graders throughout the state of Florida. The SSAT–I is designed to identify students who have not mastered one or more of the minimum performance standards defined in regulations promulgated pursuant to statute. *See* Fla.Stat. § 232.-246(1)(a); Fla.Admin.Code Rule 6A–1.-942(1)(d). Students who fail the test are targeted for remedial assistance. A disproportionately large number of these students are black.

Plaintiff contends that the state's use of the SSAT–I to create a pool of students "at risk" of not receiving a diploma carries forward prior racial discrimination suffered by black students who attended inferior

schools in the dual school system, and that inadequate notice was given regarding the test and its objectives.

We hold that the district court did not abuse its discretion in denying class certification on grounds that the commonality and typicality required by Fed.R.Civ.P. 23(a)(2) and (3) are absent in this case. The district judge had before him the uncontested affidavits presented by the defendant which specified that (1) passage of the SSAT–I is not a requirement for receipt of a high school diploma in Florida, and (2) determinations of remedial assistance to be given those students who fail the SSAT–I are made on a district-by-district basis, and the findings of diploma eligibility are made for each student individually.

While it is true that a trial court may not properly reach the merits of a claim when determining whether class certification is warranted, *Miller v. Mackey International, Inc.,* 452 F.2d 424, 428 (5th Cir.1971), this principle should not be talismanically invoked to artifically limit a trial court's examination of the factors necessary to a reasoned determination of whether a plaintiff has met her burden of establishing each of the Rule 23 class action requirements. In *Huff v. N.D. Cass Company of Alabama,* 485 F.2d 710, 713 (5th Cir.1973) (en banc), the Court refused to "accept the idea that to avoid infringing the plaintiff's and the class's right to jury trial district judges must be barred from making any evidentiary inquiry," and further "reject[ed] ... the argument that the judge is inextricably bound by the face of the pleadings." (footnotes omitted).

Plaintiff's attempt to analogize this case to *Debra P. v. Turlington,* 644 F.2d 397 (5th Cir.1981), in which class certification was granted, is unsuccessful because of the disparity between the uses and effects of the tests at issue in the two cases. *Debra P.* concerned the so-called SSAT–II or "functional literacy test," which determined whether or not high school students throughout Florida would receive diplomas, regardless of their academic records. Commonality and typicality were clearly present. In contrast, the SSAT–I simply identifies, for purposes of remediation, those students who are substandard in certain areas in the eleventh grade year. Each district is responsible for its own remedial program for such students. The determinations of whether students failing the SSAT–I are ultimately eligible for a diploma are made by individual teachers on the basis of students' individual achievements. Each student's situation differs, and the diploma is denied each student for reasons which are unique to his situation, and which do not necessarily correspond to his performance on the SSAT–I.

A settlement reached subsequent to the district court's denial of certification resolved plaintiff's individual claim. At oral argument, this Court raised the issue of whether or not an appeal from a denial of class certification by a plaintiff who has settled her individual claim is moot, and requested that counsel submit supplemental briefs on the question. It appeared that as a condition of the settlement of Love's individual claim, the defendants agreed not to contest the appealability of the certification order. It is an established principle of law that subject matter jurisdiction cannot be created or waived by agreement of the parties, Fed.R.Civ.P. 12(h)(2); *Sea-Land Service, Inc. v. International Longshoremen's Association,* 625 F.2d 38, 41 (5th Cir.1980), and that lack of jurisdiction may be raised at any point in a proceeding by either party, or by the court itself upon its own motion. *Save the Bay, Inc. v. United States Army,* 639 F.2d 1100, 1102 (5th Cir. 1981).

The jurisdictional issue in question was explicitly left open by the Supreme Court in *United States Parole Commission v. Geraghty,* 445 U.S. 388, 404 n. 10, 100 S.Ct. 1202, 1212 n. 10, 63 L.Ed.2d 479 (1980), which held that a plaintiff whose claim had *expired* could still appeal a denial of class certification. Our review of the briefs and relevant legal precedent persuades us that this plaintiff's appeal of the denial of class certification is not moot.

Mootness occurs when the issues in a case are no longer "live," or when the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969). The fact that another student affected by the SSAT–I has moved to intervene in this action is sufficient to demonstrate that this controversy remains a "live" one. At issue, then, is the second aspect of mootness, that is, the parties' interest in the litigation, often referred to as the "personal stake" requirement. *See, e.g., Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 334 n. 6, 100 S.Ct. 1166, 1172 n. 6, 63 L.Ed.2d 427 (1980); *Ashcroft v. Mattis*, 431 U.S. 171, 172–73, 97 S.Ct. 1739, 1740, 52 L.Ed.2d 219 (1977); *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 755, 96 S.Ct. 1251, 1259, 47 L.Ed.2d 444 (1976).

The Supreme Court has recognized that a class action plaintiff presents two separate issues for judicial resolution: the claim on the merits, and the claim that he is entitled to represent a class. *Geraghty*, 445 U.S. at 402, 100 S.Ct. at 1211. Application of the personal-stake requirement to a procedural claim such as the right to represent a class is different from application of the requirement to substantive claims. The interest in having a class certified is "more analogous to the private attorney general concept than to the type of interest traditionally thought to satisfy the 'personal stake' requirement," *Geraghty*, 445 U.S. at 403, 100 S.Ct. at 1212. Finding no meaningful distinction between the settlement of the claim here at issue and the expiration of the claim in *Geraghty* for purposes of the ability of the named plaintiff to pursue an appeal of the denial of certification, we hold that a dispute capable of judicial resolution continues to exist with regard to the class certification issue in this case.

While affirming the district court's denial of class certification because of the plaintiff's failure to satisfy the requirements of commonality and typicality, Fed. R.Civ.P. 23(a)(2) and (3), we make no comment upon the merits of the individual actions potentially available to members of the groups for which certification was unsuccessfully sought.

AFFIRMED.