[1] This appellee's name is as shown on the certificate of appeal filed with the clerk's office; the briefs filed in this case spell her name differently.
The State of Alabama appeals from the trial court's refusal to set aside an order in a condemnation case, in which the trial judge had computed the interest on the judgment in an amount that the record shows the State agreed to at the time.
This is the second time this case has been to this Court. SeeState v. Coheley, 539 So.2d 257 (Ala. 1989), in which the judgment was affirmed. After this Court affirmed, the trial court entered the following order:
 "Whereas, a judgment was entered in the above styled case on March 24, 1988, in the amount of Sixty-five thousand, eight hundred four and 63/100 ($65,804.63) dollars, and
 "Whereas, the case has been affirmed on appeal on January 13, 1989, and
 "Whereas, the State has paid the amount of said judgment, and
 "Whereas, there remains only interest of 12% per annum to be paid on said judgment.
 "Therefore, it is ordered, adjudged and decreed, that the Clerk issue a Supplemental Cost Bill for the interest on the judgment at the rate of Twenty-one and 63/100 ($21.63) dollars, per diem for a total amount of Six thousand, three hundred eighty and 85/100 ($6,380.85) dollars.
 "The Clerk/Register is directed to forward a copy of this Order to attorneys of record and/or parties pro se.
 "Done and ordered this 1st day of February, 1989.
"s/Harold G. Quattlebaum
"Circuit Judge"
It is undisputed that the amount of the interest due on the judgment was consented to by counsel for the State. After entry of the order, the State filed a Rule 60(b), Ala.R.Civ.P., motion in which it claimed that the computation of interest was incorrect. Judge Quattlebaum refused to set aside his order. We affirm.
A party cannot appeal from a judgment or order to which the party has consented. City of Bessemer v. Brantley, 258 Ala. 675, 65 So.2d 160 (1953). We consider that principle applicable here, where the appeal is from the refusal to set aside an order that had been consented to.
By affirming the judgment of the trial court, we should not be understood as addressing whether the computation of interest was as provided for in statutes governing such computations. This Court has *Page 484 
recently discussed this very issue in two other cases. SeeState v. Cockrell, [Ms. 87-641, on application for rehearing, June 23, 1989] (Ala. 1989); State v. McGee, 543 So.2d 669 (Ala. 1989).
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.