885 F.2d 760
 Fed. Sec. L. Rep. P 94,712
James L. SHORES, Jr., Executor of the Estate of Clarence E.
Bishop, Jr., on behalf of himself and all other persons who
purchased First Mortgage 8% Revenue Bonds issued by the
Industrial Board of the Town of Frisco City, Alabama,
Plaintiff-Appellant,
v.
Jerald H. SKLAR, et al., Defendants-Appellees.
 No. 86-7898.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 18, 1989.
 
 1
 W. Eugene Rutledge, Rutledge & Kelly, Birmingham, Ala., for plaintiff-appellant.
 
 
 2
 Crawford S. McGivaren, Jr., Cabaniss, Johnston, Gardner, Dumas & O'Neal, Larry B. Childs, Birmingham, Ala., for Jerald H. Sklar, et al.
 
 
 3
 Lee H. Zell, Berkowitz, Lefkovits, Isom & Kushner, Susan Salonimer, Birmingham, Ala., for ASA G. Candler.
 
 
 4
 Frank M. Young, III, Haskell, Slaughter & Young, James L. Richey, Birmingham, Ala., for Cecil J. Lamberson & Jackson Municipals, Inc.
 
 
 5
 Hobart A. McWhorter, Jr., Bradley, Arant, Rose & White, Richard H. Walston, Henry E. Simpson, Lange, Simpson, Robinson & Somerville, Charles C. Pinckney, Birmingham, Ala., for Capell, Howard, Knabe & Cobbs.
 
 
 6
 Appeal from the United States District Court for the Northern District of Alabama.
 
 
 7
 Before RONEY, Chief Judge, TJOFLAT, HILL, FAY, KRAVITCH, JOHNSON, HATCHETT, ANDERSON, CLARK, and COX, Circuit Judges*.
 
 
 8
 ANDERSON, Circuit Judge, with whom RONEY, Chief Judge, and TJOFLAT, HILL, FAY and COX, Circuit Judges, concur:
 
 
 9
 James L. Shores, Jr. appeals from the district court's denial of his motion to certify a class. Because we find that Shores' unqualified consent to entry of judgment in this action waived his right to appeal, the appeal is dismissed.[1]
 
 I. FACTS
 
 10
 This securities fraud action commenced over thirteen years ago. On May 16, 1975, Clarence E. Bishop, Jr. filed a summons and complaint, individually and on behalf of all other persons who had purchased First Mortgage Revenue Bonds issued by the Industrial Development Board of Frisco City, Alabama. The complaint alleged that appellee Jerald Sklar (bond counsel), the Phenix National Bank (trustee of the bond proceeds), and numerous others had issued a materially misleading offering circular and conspired to defraud purchasers, in violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j(b), and the Securities and Exchange Commission's Rule 10b-5 promulgated thereunder, 17 C.F.R. Sec. 240.10b-5.
 
 
 11
 In August 1977, the district court entered summary judgment for the defendants on Bishop's individual claims based on his admission that he had not read and relied on the circular. The court also denied certification of the class, finding an absence of typicality and adequate representation, and an insufficient basis for concluding that common questions of fact predominated. Bishop v. Sklar, No. 75-H-618-S, slip op. (N.D. Ala. Aug. 2, 1977).
 
 
 12
 On appeal by Shores, executor of Bishop's estate,[2] the former Fifth Circuit, sitting en banc, reversed, holding that, under a version of the "fraud on the market" theory of recovery under Rule 10b-5, plaintiff's allegations were sufficient to withstand a motion to dismiss. Shores v. Sklar, 647 F.2d 462 (5th Cir.1981) (en banc), cert. denied, 459 U.S. 1102, 103 S.Ct. 722, 74 L.Ed.2d 949 (1983) (Shores I ). The court also instructed the district court to "reconsider the maintainability of this action as a class action as to members of a properly defined class of Bond purchasers who did not so rely." 647 F.2d at 472.
 
 
 13
 In July 1986, the district court on remand again denied class certification, finding no identifiable class, no adequate class representative, and an absence of numerosity and typicality. The court also set Shores' individual case for trial. Shores v. Sklar, No. 75-G-618-S, slip op. 1986 WL 9810 (N.D.Ala. July 30, 1986). In November 1986, certain of the defendants served upon Shores' counsel an offer, tendered in accordance with Fed.R.Civ.P. 68, "to allow judgment to be taken against them ... in this action, in the amount" of $20,600, and costs. Shortly thereafter Shores filed with the court notice of his acceptance of the defendants' offer. On November 25, the court issued an order entering judgment in Shores' favor pursuant to the terms of the offer and acceptance.[3]
 
 
 14
 Following final judgment, Shores timely filed a notice of appeal from the July 1986 order denying class certification. A divided panel of this court reversed. Shores v. Sklar, 844 F.2d 1485 (11th Cir.1988) (Shores II ). A petition for rehearing was subsequently granted, vacating the panel opinion. 855 F.2d 722 (11th Cir.1988). We now hold that appellant's consent to an entry of judgment, given without reservation of a right to appeal, bars a subsequent appeal of the order denying class certification.[4]
 
 II. DISCUSSION
 
 15
 Shores argues that he settled only his individual claims, and that his claims on behalf of the putative class were unaffected by the district court's entry of judgment pursuant to the terms of the parties' settlement. Shores now seeks to appeal from the district court order refusing to certify the class. We find, however, that because he consented to the entry of judgment without reserving his right to appeal any portion thereof, Shores has waived his right to appeal the denial of class certification.
 
 
 16
 The law is clear that consent to entry of judgment without reservation of the right to appeal a particular claim bars an appeal:
 
 
 17
 Where the parties have agreed to entry of an order or judgment without any reservation relevant to the issue sought to be appealed, one party may not later seek to upset the judgment, unless lack of "actual consent" or a failure of subject matter jurisdiction is alleged.
 
 
 18
 Dorse v. Armstrong World Industries, Inc., 798 F.2d 1372, 1375 (11th Cir.1986). See White v. C.I.R., 776 F.2d 976 (11th Cir.1985) (party who consents to entry of judgment waives his right to appeal from it); cf. Haitian Refugee Center v. Civiletti, 614 F.2d 92 (5th Cir.1980) (party cannot appeal from an injunction to which he has agreed).
 
 
 19
 There is no contention that the settlement here was flawed by either a lack of "actual consent" or an absence of subject matter jurisdiction. Rather, Shores contends that the settlement and consent to entry of judgment resolved only his individual claims. Shores is correct that his individual claims and the claims on behalf of the putative class are distinct.[5] However, both sets of claims were brought by a single party, i.e. Shores, and both were part of a single action. Shores consented to entry of judgment "in this action" without making any provision for appeal of any of the claims at issue. The defendants tendered an offer of judgment which offered "to allow judgment to be taken against them ... in this action...." The offer made no reference to Shores' individual claims. Shores' acceptance stated without any qualification that he "hereby serves written notice that the 'Offer of Judgment', heretofore made by certain defendants is hereby accepted by the plaintiff." The acceptance similarly made no distinction between individual and class claims. The court order of judgment based on the parties' agreement entered "final judgment ... in favor of the plaintiff" and provided that "this action be and it hereby is dismissed with prejudice as to [the other] defendants." The record indicates that Shores consented to entry of judgment encompassing the entire action.
 
 
 20
 The Ninth Circuit has addressed this precise issue. In Seidman v. City of Beverly Hills, 785 F.2d 1447 (9th Cir.1986), the district court denied Seidman's motion for class certification. Then Seidman settled his individual claim and stipulated to a dismissal with prejudice. The Ninth Circuit held that Seidman had agreed, not merely to dismiss his individual claim, but "to dismiss with prejudice the action " itself. 785 F.2d at 1448 (emphasis in original). Applying the consent-to-judgment doctrine, the court dismissed the appeal. See also Coughlin v. Regan, 768 F.2d 468, 470 (1st Cir.1985) (Where plaintiff consented to a judgment denying relief to a first subclass and granting relief to a second subclass, the court held that plaintiff's appeal was barred, explaining: "While it is possible for a party to consent to a judgment and still preserve his right to appeal, he must reserve that right unequivocally, as it will not be presumed.").
 
 
 21
 Shores' contention that his consent to judgment should be presumed to have encompassed only his individual claims conflicts with the well-established principle that all interlocutory orders are merged into the final judgment. 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice, p 110.07, at 109 (1987); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Interlocutory orders denying class certification become part of the final judgment for purposes of appeal. Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). Accordingly, in the absence of qualification, consent to judgment constitutes consent to the interlocutory order denying class certification.
 
 
 22
 Love v. Turlington, 733 F.2d 1562 (11th Cir.1984), is not to the contrary. There the named plaintiff settled her individual claim, but reserved the right to appeal the district court's denial of class certification.[6] Because of this reservation there was no consent-to-judgment waiver in Love. It is clear from the opinion in Love that no such argument was made and the court did not address that issue. Rather, the Love court addressed a different issue, i.e., whether a named plaintiff who has settled her individual claim nevertheless retains a sufficient "personal stake" in the separate claim to represent the class. In other words the question addressed by Love was one of mootness. Love held that such a plaintiff does retain a sufficient "personal stake," and thus that the case was not moot and the court did have subject matter jurisdiction of the named plaintiff's appeal. That holding is relevant in the instant case, and is controlling on that jurisdictional issue--i.e., absent his consent to judgment below, Shores would have had a sufficient stake to appeal the class certification issue notwithstanding the settlement of his individual claim. However, Love is not relevant to, and it did not address, the crucial issue on this appeal, i.e., whether Shores consented to judgment in the court below and thus is barred by the consent-to-judgment waiver doctrine.[7]
 
 III. CONCLUSION
 
 23
 For the foregoing reasons, we conclude that Shores consented to judgment in this entire action, and accordingly, the appeal is
 
 
 24
 DISMISSED.
 
 
 25
 JOHNSON, Circuit Judge, specially concurring, in which KRAVITCH, HATCHETT and CLARK, Circuit Judges, join:
 
 
 26
 Under United States Parole Comm. v. Geraghty, 445 U.S. 388, 402, 100 S.Ct. 1202, 1211, 63 L.Ed.2d 479 (1980), the plaintiff who "brings a class action presents two separate issues for judicial resolution. One is the claim on the merits; the other is the claim that he is entitled to represent a class." The question presented in this case is whether Shores consented to judgment on both his claims. Specifically, this Court concludes Shores must have expressly reserved his right to appeal the district court's denial of class certification in consenting to entry of judgment in his original action in order to press this appeal. I concur in the majority's judgment for the following reasons.
 
 
 27
 This Court writes on a clean slate. No Eleventh Circuit or Supreme Court case is dispositive. We held in Dorse v. Armstrong World Industries, Inc., 798 F.2d 1372 (11th Cir.1986), that parties who have consented to judgment may not appeal issues settled by that judgment unless they have expressly reserved the right to do so. In this case, however, appellant argues that he did not consent to judgment on his class action claim. See id. at 1376 (citing 9 Moore, Federal Practice paragraph 203.06 at 3-27) ("[An appellant] may, however, urge on appeal that his consent was not actually given."). In Love v. Turlington, 733 F.2d 1562 (11th Cir.1984), we held that the settlement of a plaintiff's individual claim does not moot the individual's right to represent the class. However, the appellant in Love expressly reserved the right to appeal. Shores failed to do so.
 
 
 28
 The dispute in this case centers around interpreting the phrase "to allow judgment to be taken ... in this action." This Court can resolve the ambiguity by adopting one of two clear rules. First, a plaintiff bringing individual and class claims could be required to reserve expressly his or her right to appeal the denial of class certification. This is the approach chosen by the majority. Alternatively, a plaintiff could presumptively retain his right to appeal in the absence of an express waiver.
 
 
 29
 I write separately to note that the majority's choice of rules should affect only Shores' right to appeal, because I think the reasoning of United Airlines, Inc. v. McDonald, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977), logically extends to protect the rights of the putative class members whom Shores purported to represent. I do not interpret the majority opinion as preventing interested members of the putative class from intervening under Rule 24[1] and appealing the district court's denial of class certification. At this point, it appears only Shores has lost his right to appeal the denial of class certification.
 
 
 30
 In McDonald, the Court held that a putative class member could intervene to appeal the denial of class certification within 30 days of entry of final judgment. In McDonald, a stewardess brought individual and class claims against United Airlines. Although class certification was denied, she prevailed on her individual claims and final judgment was entered. A member of the spurious uncertified class, another stewardess, moved to intervene 18 days after the entry of final judgment in order to appeal the denial of class certification. The Court held that her motion to intervene and appeal was timely and proper. It noted that the intervening stewardess made her motions "after learning that ... the [named] plaintiffs did not now intend to file an appeal challenging the District Court's denial of class certification." Id. at 390, 97 S.Ct. at 2467. The Court stressed "as soon as it became clear to the respondent that the interests of the unnamed class members would no longer be protected by the named class representatives, she promptly moved to intervene to protect those interests." Id. at 394, 97 S.Ct. at 2470.
 
 
 31
 Until today, the putative class members in this case could reasonably have presumed that their interests were adequately and properly represented by Shores (and this Court so held in its vacated panel opinion). Today, members of the putative class will learn that their representative cannot appeal the denial of class certification. The reasoning of McDonald suggests that they have the opportunity to intervene and appeal that order.[2] I concur in the majority's judgment with confidence that the logic of McDonald authorizes affected members of the putative class to make the proper motions below to intervene and appeal.[3] This decision should merely start the clock ticking on the timeliness of their intervention.[4]
 
 
 32
 The policy behind permitting intervention in McDonald and this case is supported by concerns of fairness and judicial economy. Members of the putative class may have foregone bringing their own suits in reliance on Shores' class claims. If the relevant statute of limitations has run, they may be left without recourse. See Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 354, 103 S.Ct. 2392, 2398, 76 L.Ed.2d 628 (1983) (class action tolls statute of limitation on individual claims only until the day class certification is denied). Just as importantly, the class certification question stands on the brink of final appellate resolution after years of litigation. It would be a tremendous waste of judicial resources to send plaintiffs who are not time-barred back to square one. The opportunity of the members of the putative class to intervene under Rule 24 would protect the interests of the class members and save courts from duplicative litigation. See Deposit Guaranty Nat. Bank v. Roper, 445 U.S. 326, 339, 100 S.Ct. 1166, 1174, 63 L.Ed.2d 427 (1980) (preventing appeal of class action "would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement"). Shores' negligence in failing to expressly reserve his right to appeal should not prejudice the rights of those he sought to represent, especially when it appears that the district court erred in not certifying the class. See Shores v. Sklar, et al., 844 F.2d 1485, 1492-95 (11th Cir.), withdrawn 855 F.2d 722 (1988) (class of investors should have been certified).
 
 
 33
 I concur in the judgment with the understanding that Shores consented to judgment only on his claim to represent the class. Until this Court's decision today, it was unclear whether Shores had waived his right to appeal the denial of class certification. Therefore, the Court's reasoning in McDonald suggests strongly that interested putative class members are not yet barred from making the proper motions below to intervene and bring a proper appeal of the district court's denial of class certification.
 
 
 
 *
 Judges Vance and Edmondson are recused and did not participate in this decision
 
 
 [1]
 With respect to the appeal by Habshey, who moved to intervene in the district court, we reinstate Part II.B. of the panel opinion. 844 F.2d at 1491. We agree with the panel that Habshey's appeal was untimely. We also note Habshey's apparent abandonment of his appeal in that no argument on his behalf has been made to the en banc court
 
 
 [2]
 The district court substituted Shores as party plaintiff after Bishop died
 
 
 [3]
 By agreement of the parties, the claims against the three remaining defendants--Wilhelm Peppler, Joseph Savage, and the Estate of George Rakerd--were dismissed with prejudice
 
 
 [4]
 Because we hold that the instant appeal is barred, we do not reach the other issues addressed in Shores II and discussed by the parties in their briefs
 
 
 [5]
 In United States Parole Commission v. Geraghty, 445 U.S. 388, 402, 100 S.Ct. 1202, 1211, 63 L.Ed.2d 479 (1980), the Court stated that "[a] plaintiff who brings a class action presents two separate issues for judicial resolution. One is a claim on the merits; the other is the claim that he is entitled to represent the class."
 
 
 [6]
 The court stated: "A settlement reached subsequent to the district court's denial of certification resolved plaintiff's individual claim.... It appeared that as a condition of the settlement of Love's individual claim, the defendants agreed not to contest the appealability of the certification order." 733 F.2d at 1564
 
 
 [7]
 In Love, not only had the named plaintiff reserved the right to appeal the class certification issue, but in addition the defendant had agreed not to contest appealability. The court held that the latter--i.e., the defendant's waiver--was irrelevant to the jurisdictional issue, following the well-established principle that a party's consent cannot vest a court with subject matter jurisdiction that it does not have. Noting that the waiver of jurisdiction by the defendant in Love was irrelevant to the jurisdictional issue, Shores argues by analogy that it should be irrelevant in this case whether or not Shores consented to judgment, thus waiving his right to appeal. Shores' argument is intuitively suspect, because it would effectively eliminate the long-established consent-to-judgment waiver doctrine; that doctrine, and each case applying it, rests upon the consent (i.e., waiver) of the party. The flaw in Shores' argument lies in the distinction between the two issues. In Love, the court was addressing its subject matter jurisdiction, i.e., whether the named plaintiff retained a sufficient personal stake in the case. In the instant appeal, the issue is whether Shores will be permitted to challenge on appeal a judgment to which he consented in the district court. This consent-to-judgment doctrine does not implicate the subject matter jurisdiction of the court, although the doctrine is sometimes cast in jurisdictional language, with references to the "standing" of the party to contest the issue on appeal. See Dorse v. Armstrong World Industries, Inc., 798 F.2d at 1374 n. 3 ("Although this issue may be thought to be an issue of standing, it has been suggested that the applicable principle is instead waiver of error."); Hunt v. Bankers Trust Co., 799 F.2d 1060, 1066 (5th Cir.1986) ("The banks contend ... that a party will not be heard to appeal the propriety of an order to which it agreed. That is correct, but this objection relates to whether the appellate court will grant relief, and is not a basis to refuse jurisdiction."); 15 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure Sec. 3902 at 408 (1976) ("Parties who have consented to entry of a judgment are at times said to lack standing to appeal, unless they can show facts that would justify nullifying the consent.... The true principle, however, appears to be properly explained in one of the early Supreme Court decisions as resting on waiver of error, leading to affirmance rather than dismissal: 'If, when the case gets here, it appears that the decree appealed from was assented to by the appellant, we cannot consider any errors that may be assigned which were in law waived by the consent, but we must still receive and decide the case. If all the errors complained of come within the waiver, the decree below will be affirmed, but only after hearing.' ") (quoting Pacific Railroad v. Ketchum, 101 U.S. 289, 295, 25 L.Ed. 932 (1880)) (footnotes omitted)
 
 
 [1]
 Fed.R.Civ.P. 24 reads:
 (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.
 
 
 [2]
 Intervention at the time of the denial of class certification would likely have been unavailing because appeals from such orders are interlocutory. The McDonald opinion aptly explains the impropriety of imposing a requirement of intervention at that point. See 432 U.S. at 394 n. 15, 97 S.Ct. at 2470 n. 15
 
 
 [3]
 Since the majority affirms the entry of final judgment, any members of the putative class who wish to intervene and file a notice of appeal of the denial of class certification will first have to move the district court to open the judgment under Fed.R.Civ.P. Rule 60(b). Rule 60(b) reads:
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... (6) any other reason justifying relief from the operation of the judgment.
 This case seems a likely candidate for Rule 60 relief. See Laguna Royalty Co. v. Marsh, 350 F.2d 817, 823 (5th Cir.1965) ("Rule 60(b) is to be construed liberally to do substantial justice ... The rule is broadly phrased and many of the itemized grounds are overlapping, freeing courts to do justice in hard cases").
 
 
 [4]
 The timeliness of a motion to intervene is evaluated according to several equitable factors. See Walker v. Jim Dandy Co., 747 F.2d 1360, 1365-66 (11th Cir.1984) (listing factors district court must consider). McDonald indicates that a motion to reopen judgment, intervene and appeal might have to be made within 30 days of the issuance of the mandate in this case. 432 U.S. at 390, 97 S.Ct. at 2467; see also Fed.R.App.P. 4(a)