Jimmy Walding and Marie Walding appeal from an interlocutory order of the trial court denying their motion to certify a class.
The Waldings filed a complaint against Blue Cross and Blue Shield of Alabama, Inc. ("Blue Cross"), on August 5, 1988, alleging breach of contract and bad faith failure to pay an insurance claim. They later amended their complaint, alleging that there were other insureds who were similarly situated, and moved for certification of a class of plaintiffs pursuant to Rule 23, Ala.R.Civ.P.[1] That motion was denied. The Waldings then settled their claims against Blue Cross for an undisclosed amount, and the parties filed a stipulation of dismissal with the trial court. The Waldings did not attempt to reserve any issues for appeal when that stipulation was filed. On April 11, 1990, the court entered a final judgment, dismissing the Waldings' complaint with prejudice and taxing costs to Blue Cross. Following the entry of final judgment, the Waldings appealed the court's denial of their motion to certify a class.
Blue Cross has filed a motion to dismiss the appeal, arguing that the Waldings' voluntary acceptance of the settlement and execution of a stipulation of dismissal without reservation precludes their appeal. In response, the Waldings contend that they should be allowed to continue to represent the other members of the purported class, even though they no longer have a personal stake in the outcome.
As a general rule, a party's consent to a judgment without reservation waives that party's right to appeal. State v.Coheley, 549 So.2d 483 (Ala. 1989); Price v. American NationalBank of Gadsden, 350 So.2d 328, 329 (Ala. 1977). An exception to that rule is made in the case of a judgment consented to as the result of either fraud or mistake. Price, supra. This rule also applies in the case of interlocutory orders entered by consent, including those denying class certification, as they are part of the final judgment for purposes of appeal. Coopers Lybrandv. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351
(1978).
Blue Cross directs this Court's attention to a recent decision by the United States Court of Appeals for the Eleventh Circuit, Shores v. Sklar, 885 F.2d 760 (11th Cir. 1989), cert. denied, ___ U.S. ___, 110 S.Ct. 843, 107 L.Ed.2d 838 (1990), as being dispositive of the Waldings' appeal. Although Shores
involved a different underlying cause of action, its procedural history is very similar to that of the instant case. Shores sought to have a class certified pursuant to Rule 23, Fed.R.Civ.P. That motion was denied and Shores later accepted, without qualification, a settlement offer tendered by the defendant. After being *Page 855 
notified of Shores's acceptance of the offer, the district court entered a final judgment, with Shores's consent. Following entry of the final judgment, Shores filed a notice of appeal from the court's order denying class certification.885 F.2d at 762.
The Eleventh Circuit, applying the consent-to-judgment waiver doctrine, dismissed Shores's appeal:
 "We . . . hold that appellant's consent to an entry of judgment, given without reservation of a right to appeal, bars a subsequent appeal of the order denying class certification. . . . We find . . . that because he consented to the entry of judgment without reserving his right to appeal any portion thereof, Shores has waived his right to appeal the denial of class certification."
Id. That doctrine has been consistently applied by this Court. See Coheley, supra; and City of Bessemer v. Brantley, 258 Ala. 675, 65 So.2d 160 (1953).
The Waldings contend that Shores is inapposite and that an earlier decision by the Eleventh Circuit, Love v. Turlington,733 F.2d 1562 (11th Cir. 1984), is controlling. We do not agree. Unlike the Waldings, the plaintiff in Love expressly reserved her right to appeal the district court's denial of class certification. 733 F.2d at 1564. Also, as was pointed out inShores, the consent-to-judgment waiver issue was not raised inLove and was therefore not addressed by the court.885 F.2d at 763. The only issue addressed in Love was whether the plaintiff's appeal of the denial of class certification was mooted by her acceptance of the settlement offer.733 F.2d at 1564. As noted by the Eleventh Circuit in Shores:
 "Love is not relevant to, and it did not address, the crucial issue on this appeal, i.e., whether Shores consented to judgment in the court below and thus is barred by the consent-to-judgment waiver doctrine."
885 F.2d at 764.
The Waldings also cite a number of cases as support for the proposition that class representatives should be allowed to appeal the denial of class certification, even if their own claims have been extinguished. Deposit Guaranty National Bank,Jackson, Mississippi v. Roper, 445 U.S. 326, 100 S.Ct. 1166,63 L.Ed.2d 427 (1980); First Baptist Church of Citronelle v.Citronelle-Mobile Gathering, Inc., 409 So.2d 727 (Ala. 1981);Jones v. Southern United Life Ins. Co., 392 So.2d 822
(Ala. 1981). However, unlike the Waldings, the plaintiffs in those cases did not consent to the court's entry of judgment. Therefore, they are inapposite.
In Roper, the plaintiffs refused a settlement offer that was tendered by the defendant after their motion to certify a class had been denied. Notwithstanding their refusal, the district court deposited the amount of the tender in its registry and entered a judgment for the plaintiffs, despite their repeated objections. 445 U.S. at 329-30, 100 S.Ct. at 1169-70. The plaintiffs appealed the denial of their motion to certify a class, and the Supreme Court held that their appeal could be maintained, noting:
 "The factual context in which this question arises is important. At no time did the named plaintiffs accept the tender in settlement of the case; instead, judgment was entered in their favor by the court without their consent and the case was dismissed over their continued objections."
445 U.S. at 332, 100 S.Ct. at 1171 (emphasis added).
In both First Baptist Church of Citronelle, supra, and Jones,supra, a summary judgment in favor of the defendants was entered after the plaintiffs' motions to certify a class had been denied, and their individual claims had been settled. In neither case had the plaintiffs/appellants consented to the entry of judgment against them. First Baptist Church ofCitronelle, 409 So.2d at 728; Jones, 392 So.2d at 823.
We find the facts in Shores to be directly on point and find the rationale expressed in that opinion to be sound. Unlike the plaintiffs in Roper, supra; First Baptist Church of Citronelle,supra; and Jones, supra, the Waldings accepted a settlement offer and then entered into a stipulation of *Page 856 
dismissal without attempting to reserve any issues for appeal. Their consent to the judgment waived any right they had to appeal the court's denial of their motion to certify a class.Shores, supra; Coheley, supra; and Price, supra. Accordingly, Blue Cross's motion to dismiss the appeal is granted.
APPEAL DISMISSED.
HORNSBY, C.J., and STEAGALL and INGRAM, JJ., concur.
ADAMS, J., concurs in the result.
[1] The other members of the putative class were not identified and never received notice of the pending motion for class certification. As a result, the trial court's ruling in this case would not prejudice their ability to bring an independent action.