Pharmacia Corporation f/k/a Monsanto Company, and Craig Branchfield, Michael Forseman, and David Cain, employees of Solutia, Inc. (hereinafter referred to as "the manufacturers"), the defendants below, were granted permission to appeal from the trial court's interlocutory order granting a motion filed by John Suggs and Linda Suggs to amend their complaint to add additional plaintiffs. See Rule 5, Ala. R.App. P. The trial court certified the following controlling question of law:
 "Can plaintiffs who settle their claims and accept payment in full satisfaction of those claims subsequently amend their complaint to substitute new plaintiffs?"
We conclude that the Suggses cannot so amend their complaint, and we therefore reverse and remand.
 I. Factual Background and Procedural History
This case is one of the toxic-tort cases arising out of the manufacturers' operations in Anniston. See, e.g., Ex parteMonsanto Co., 862 So.2d 595 (Ala. 2003). The Suggses filed the instant action in the Calhoun Circuit Court in 2001 against two manufacturers of polychlorinated biphenyls, Pharmacia Corporation f/k/a Monsanto Company, and Solutia, Inc., and three employees of Solutia. Solutia later filed a suggestion of bankruptcy and is not an appellant in this case. Although the case was filed as a putative class action, the Calhoun Circuit Court refused to certify the class.[1] The Calhoun Circuit Court later *Page 97 
transferred the case to Jefferson County because of extensive pretrial publicity in Calhoun County. The action was then stayed pending resolution of a related federal action.[2]
On September 9, 2003, the parties to the federal action entered into a settlement agreement, which operated as a "full discharge and satisfaction of all claims that Plaintiffs have or could have had against the parties released under the Settlement Agreement." The Suggses were included within the scope of that agreement. In a letter dated the same day, the manufacturers asked the Suggses to join in a stipulation of dismissal of this state-court case. The Suggses refused to do so, stating that they had yet to receive payment due under the settlement.
In early 2004, however, the Suggses received advanced payments under the settlement, which they unequivocally accepted. In July 2004, the manufacturers again asked the Suggses to join in a stipulation of dismissal, and the Suggses again refused to do so. Instead, the Suggses filed their own motion in the state action, styled as a "Substitution of Class Representatives," moving for joinder of six additional plaintiffs ("the new plaintiffs").[3] The manufacturers moved to strike the motion.
In December 2004, the Jefferson Circuit Court entered an order (1) granting the Suggses' motions to amend the complaint and for substitution of class representatives, thus joining the new plaintiffs; (2) granting leave to add additional plaintiffs until April 1, 2005, without any further leave of the court; (3) reserving judgment on whether class certification was appropriate in light of the allegations asserted in the Suggses' second amended complaint; and (4) dismissing the Suggses, noting that they were subject to the terms of the settlement agreement. The court also certified the previously quoted controlling question of law for permissive appeal under Rule 5.
 II. Analysis
Although the Alabama Constitution of 1901 does not have a requirement that a proceeding involve a "case or controversy" as found in Art. III, § 2, of the United States Constitution,[4] we have recognized that settlement renders a judicial proceeding moot and thereby destroys jurisdiction in many cases. See, e.g., Saia Food Distribs. Club, Inc. v.SecurityLink from Ameritech, Inc., 902 So.2d 46, 55 (Ala. *Page 98 
2004) ("Had [the appellants] accepted the offer of judgment unconditionally, this case would have been settled, and their right to appeal would have been moot."); Twin City Fire Ins. Co.v. Colonial Life Acc. Ins. Co., 839 So.2d 614 (Ala. 2002) (settlement of underlying wrongful-termination action renders moot declaratory-judgment action to decide duty-to-indemnify question); and Southern Ry. v. Louisville N.R. Co.,241 Ala. 691, 4 So.2d 400 (1941) (settlement of claim is conclusive of all elements of claim except those specifically reserved by parties).
Mootness is a time dimension of standing. See In re AllisonG., 276 Conn. 146, 156, 883 A.2d 1226, 1231 (2005) ("One commentator has described mootness as `the doctrine of standing set in a time frame: [t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).' H. Monaghan, `Constitutional Adjudication: The Who and When,' 82 Yale L.J. 1363, 1384 (1973)."). See also Presiding Judge Yates's special writing in Auburn Medical Center, Inc. v. Alabama State HealthPlanning Development Agency, 848 So.2d 269 (Ala.Civ.App. 2002), in which she stated:
 "`Justiciability is a compound concept, composed of a number of distinct elements. Chief among these elements is the requirement that a plaintiff have "standing to invoke the power of the court in his behalf."' Ex parte State ex rel. James, 711 So.2d 952, 960 (Ala. 1998), quoting Ex parte Izundu, 568 So.2d 771, 772 (Ala. 1990). `Standing requires injury in fact.' Kid's Care, Inc. v. Alabama Dep't of Human Res., 843 So.2d 164, 166 (Ala. 2002). "`Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation."' State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala. 1999), quoting National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 255, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994).
 "`Mootness doctrine encompasses the circumstances that destroy the justiciability of a suit previously suitable for determination. It is not enough that the initial requirements of standing and ripeness have been satisfied; the suit must remain alive throughout the course of litigation, to the moment of final appellate disposition.'
 "13A Charles A. Wright et al., Federal Practice Procedure § 3533, at 211 (2d ed. 1984) (footnote omitted)."
848 So.2d at 272-73 (Yates, P.J., concurring in the result) (emphasis added).
Deposit Guaranty National Bank v. Roper, 445 U.S. 326,100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), addressed the question of mootness in the settlement context. In Roper, the defendant tendered the amount of the individual claims of each class representative. The class representatives, however, declined
the defendant's tender. The United States Supreme Court rejected the defendant's contention that the tender, albeit declined, nonetheless rendered the action moot. Justice Rehnquist noted in his special concurrence that "[t]he distinguishing feature here is that the defendant has made an unaccepted offer of tender in settlement of the individual putative representative's claim."445 U.S. at 341, 100 S.Ct. 1166 (Rehnquist, J., concurring). The converse of Justice Rehnquist's observation supports the view that mere acceptance of the tender by the class representatives would have rendered the action moot.
In Walding v. Blue Cross Blue Shield of Alabama, Inc.,577 So.2d 853 (Ala. 1991), this Court held that plaintiffs *Page 99 
who accepted a settlement and executed a stipulation of dismissal without reservation of any issues for appeal waived their right to appeal the denial of their motion to certify a class. The Court in Blue Cross relied on Shores v. Sklar, 885 F.2d 760
(11th Cir. 1989), in which the United States Court of Appeals for the Eleventh Circuit applied the consent-to-judgment waiver doctrine in dismissing Shores's appeal:
 "We now hold that appellant's consent to an entry of judgment, given without reservation of a right to appeal, bars a subsequent appeal of the order denying class certification.
 ". . . We find, however, that because he consented to the entry of judgment without reserving his right to appeal any portion thereof, Shores has waived his right to appeal the denial of class certification."
885 F.2d at 762 (footnote omitted). The Walding Court stated:
 "We find the facts in Shores to be directly on point and find the rationale expressed in that opinion to be sound. . . . [T]he Waldings accepted a settlement offer and then entered into a stipulation of dismissal without attempting to reserve any issues for appeal. Their consent to the judgment waived any right they had to appeal the court's denial of their motion to certify a class."
577 So.2d at 855-56. The subsequent entry into a stipulation of dismissal, after the unequivocal acceptance of a settlement, is not an essential precondition of a determination of mootness. Consequently, the Suggses' refusal to execute a stipulation of dismissal after unequivocally accepting the settlement is not a factor that distinguishes this case from Walding.
In Jones v. Southern United Life Insurance Co., 392 So.2d 822
(Ala. 1981), this Court allowed a class representative to continue to represent the class after her apparent acceptance of an offer of settlement and after the defendant's tender of payment to her. The defendant argued that its tender of payment to Jones mooted not only her claim, but also the entire action. This Court stated: "Notwithstanding the mootness of the suit as to Mary Jones, it is not moot as to other members of the class, and she can continue to litigate the issues as a representative of the class." 392 So.2d at 823. Chief Justice Torbert dissented, stating that "[Deposit Guaranty National Bank v.] Roper [,445 U.S. 326 (1980),] is clearly not on point with the case before us in this respect [i.e., the defendant's offer of tender in settlement of the class representative's claim was not accepted in Roper], since here Mary Jones accepted the offer of settlement, yet still sought to represent the putative class."392 So.2d at 825 (Torbert, C.J., dissenting) (emphasis added). Although we are sympathetic to Chief Justice Torbert's dissent inJones, in which he points out that the distinguishing feature between Jones and Roper is the acceptance of the tender inJones and the rejection of the tender in Roper, it is not necessary to overrule Jones because this case is easily distinguishable. In Jones, the class representative sought toremain in the action and to proceed on behalf of the other class members. Here, the named plaintiffs are completely abandoning the action after unequivocally accepting a settlement and then trying to name new class representatives to take their place.
Because the Suggses accepted the settlement that resulted in the entirely appropriate dismissal of their claims in this case, the matters made the basis of the complaint became moot, and the trial court no longer had subject-matter jurisdiction to entertain a motion to amend the moot complaint. Additional plaintiffs who were former members of the putative class have *Page 100 
the option of bringing an action against the defendants. Whether such an action is barred by the statute of limitations will depend on the application of the tolling principles announced inFirst Baptist Church of Citronelle v. Citronelle-MobileGathering, Inc., 409 So.2d 727, 729 (Ala. 1981), to the facts of this case.
 III. Conclusion
The Suggses' unqualified acceptance of the manufacturers' settlement offer rendered the matters made the basis of the amended complaint moot at that moment and deprived the Jefferson Circuit Court of subject-matter jurisdiction. We therefore reverse the order granting the Suggses' motion to amend the complaint and remand the cause for the trial court to dismiss the case.
REVERSED AND REMANDED.
SEE, WOODALL, STUART, SMITH, BOLIN,* and PARKER, JJ., concur.
NABERS, C.J., concurs in the result.
HARWOOD, J., dissents.
[1] The court stated that "this case is not amenable to class action due to the diversity of damage[s] claimed by various Plaintiffs without more showing on the part of the Plaintiffs. . . ." Although the Suggses and the plaintiffs they seek to add to this action by amendment continue to refer to the existence of a class, a class has never been certified in this action.
[2] Tolbert v. Monsanto Co., No. CV-2001-C-1407-S (N.D.Ala. 2003).
[3] The Suggses later moved to add a seventh additional plaintiff by a motion for leave to amend the complaint dated October 18, 2004. These additional plaintiffs were purportedly members "of the class on whose behalf this action is brought."
The new plaintiffs include citizens of Delaware, Missouri, New Jersey, and New York. It is not immediately apparent how they would be able to represent a class of Calhoun County residents, but we need not reach that issue.
[4] We have construed Art. VI, § 139, Ala. Const. of 1901 (as amended by amend. no. 328, § 6.01, vesting the judicial power in the Unified Judicial System), to vest this Court "with a limited judicial power that entails the special competence to decide discrete cases and controversies involving particular parties and specific facts." Alabama Power Co. v. Citizens of Alabama,740 So.2d 371, 381 (Ala. 1999). See also Copeland v. JeffersonCounty, 284 Ala. 558, 226 So.2d 385 (1969) (courts decide only concrete controversies between adverse parties).
* Note from the reporter of decisions: When the opinion in this case was originally released on December 16, 2005, Justice Bolin's vote was inadvertently omitted.