L. CHARLES WRIGHT, Retired Appellate Judge.
After an unemployment compensation administrative decision which determined that claimant, Oscar Huff, was terminated from his last employment for misconduct and was properly denied compensation of $96, Huff appealed to the Circuit Court of Mobile County.
On March 14, 1991, at the time of but before trial, Huff entered into a consent agreement with the Department of Industrial Relations agreeing to dismiss the appeal. The trial judge, in open court, discussed the proposed agreement at length with Huff and ascertained that he (Huff) understood and accepted the terms of the agreement. He directed that a judgment of dismissal be drawn to include the provisions of the agreement. On March 15, 1991 Huff filed a motion, designated as Rule 60(b), Alabama Rules of Civil Procedure, to set aside the agreement. There is no indication that the trial court ever was presented the motion or ruled on it. The trial court’s judgment of dismissal of Huffs appeal and the terms of the agreement to dismiss were filed with the circuit clerk on April 9, 1991. On May 17, 1991 Huff filed his notice of appeal with this court.
In all prior proceedings and on this appeal Huff has appeared pro se.
In brief, Huff asserts that the court’s order should be set aside and remanded for a trial on the merits because the Department “did not comply with any of the conditions of it and because it was procured by fraud, collusion and duress.”
As a general rule a party may not appeal from a judgment or order to which the party has consented. State v. Coheley, 549 So.2d 483 (Ala.1989). Such order may be set aside only upon a showing of fraud or mistake. Hanson v. Hearn, 521 So.2d 953 (Ala.1988).
We have carefully reviewed the record as concerns Huff’s claims. We find nothing therein which would entitle him to relief from the agreement which he voluntarily entered into. As previously stated, he freely agreed, after thorough discussion with the court and opposing counsel, to the judgment thereafter entered. We find no fraud or mistake.
Simultaneously with his appeal Huff filed a petition for a writ of mandamus requesting that we order the trial court to set aside its order. For the same reasons enunciated above, we decline to issue the writ.
This case is affirmed. The writ of mandamus is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.